## AS TO REGULARITY OF PROCEEDURE IN A WILL CASE.

Circuit Court of Cuyahoga County.

OLA POWERS ET AL V. SOPHIA MAGDALENA BOEHME ET AL.

Decided, October 11, 1909.

*Charge—Correct as a Whole, Though Some Sentences Erroneous—Abstract Propositions of Law and No Bill of Exceptions Showing Evidence—Recalling Jury.*

1. A claim that a charge to the jury is erroneous because it gives mere abstract propositions of law inapplicable to the case can not be considered without a bill of exceptions exhibiting the evidence in the case.
2. Where concededly correct sentences in a charge modify other sentences claimed to be erroneous, the charge as a whole being correct, no reversible error can be predicated upon the erroneous sentences, taken by themselves.
3. It is not prejudicial error to recall the jury and emphasize certain portions of the charge previously given, if the circumstances of the trial warrant it.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This was an action to contest a will. The case was submitted to a jury and by its verdict the will was sustained.

The only claim of error asserted by plaintiff in error is that the charge is faulty in several respects. The bill of exceptions

exhibits the charge in full, but gives none of the evidence ad-
duced at the trial.  We are therefore bound to conclude that
the verdict was warranted by the evidence and it becomes diffi-
cult, if not impossible, to say that any technical defects in the
charge, even if they exist, were prejudicial to the rights of the
plaintiff in error.

For instance, the claim that certain paragraphs of the charge
are mere abstract propositions of law and not made to apply
directly to the case on trial can not be considered without the
facts which may, or may not, have warranted them.  Certainly
no prejudice can arise from the charging of mere abstract propo-
sitions of law, unless the evidence in the case makes them in-
applicable.

Claim is made that certain sentences in the charge, taken by
themselves, are erroneous and inconsistent with other sentences
conceded to be correct.  As we read the charge the concededly
correct sentences explain and modify the ones which are claimed
to be erroneous and all must be read together.  This charge, as
a whole, is a correct exposition of the law of testamentary capac-
ity and the degree of undue influence which must be shown to
have been exerted before a testator can be said to have been
overborne by it in the making of his will.

We find no prejudicial error in recalling the jury and giving
it further instructions; the circumstances under which the jury
was recalled are not shown.  The claim that the additional
charge only emphasized the original charge is correct and
doubtless it was for that purpose the jury was recalled; we do
not know what facts the trial judge had before him that he de-
sired to impress upon the jury.  We find no error of law in the
additional charge, if it was applicable to the facts of the case.

There was no error in correcting the bill of exceptions at the
place where the word "not" had been left out by the stenog-
rapher.  The journal entry allowing this correction says that
the court "found from the evidence" that a clerical error had
been made.  Part of this evidence may have been a judge's
own recollection.  With such bill of exceptions as we have in
this case we can do nothing but affirm the judgment.